### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Criminal No. 5:04-cr-00021** |
| | ) | |
| **JAMES LAMONT COLEMAN,** | ) | **By: Michael F. Urbanski** |
| **a/k/a CHARLES LAMONT WALKER,** | ) | **Chief United States District Judge** |
| **Defendant.** | ) | |

### <u>MEMORANDUM OPINION</u>

This matter comes before the court on defendant Charles Lamont Walker's, also known as James Lamont Coleman, motion to reduce his sentence under the First Step Act or, alternatively, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 241. The Federal Public Defender's Office has supplemented Walker's motion and filed an emergency motion on his behalf. ECF Nos. 245, 249, 252, 255, 261. The government opposes Walker's motions. ECF No. 248, 253. Because the court declines to reduce Walker's sentence under the First Step Act and because Walker has not demonstrated extraordinary and compelling circumstances to justify his release, Walker's motions are **DENIED**.

### I.

On May 31, 2005, Walker pleaded guilty pursuant to a Rule 11 plea agreement to conspiracy to distribute fifty or more grams of crack cocaine. ECF No. 110. On December 16, 2005, Walker was sentenced to 158 months of incarceration. ECF No. 145. The court amended Walker's judgment on March 2, 2006, to include a previously omitted forfeiture order. ECF No. 160. The court subsequently reduced Walker's sentence to 126 months pursuant to the United States Sentencing Commission's retroactive application of amended

sentencing guidelines pertaining to crack cocaine. ECF No. 194. On October 1, 2009, the court denied Walker's motion to further reduce his sentence in light of the Department of Justice's then-recent policy change endorsing a one-to-one ratio between cocaine powder and crack cocaine. ECF No. 199. On November 14, 2011, the court denied Walker's motion to further reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the sentencing guidelines because Walker's sentencing range remained unchanged. ECF No. 210. The Fourth Circuit denied Walker's appeal of this decision. ECF No. 217.

Walker was released from prison and began his period of supervised release on December 14, 2012. ECF No. 220. His supervised release was revoked on August 22, 2016, when he violated the terms of his release by committing a crime. Id. After serving a four-year state sentence for distribution of crack cocaine, Walker was sentenced on February 6, 2020, to an additional 18 months for violation of the terms of his supervised release with credit for time served from January 14, 2020. ECF No. 240. Walker has been in continuous custody since then and has served more than half of his sentence. He is housed at FCI Gilmer and is scheduled to be released from custody on April 24, 2021.[1]

Walker seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his asthma, in the context of the COVID-19 pandemic, constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Walker's prison medical records reflect that he has asthma and may take an inhaler as needed up to four times a day. ECF No. 253-1 at 1. Walker asks the court to reduce his sentence to time served. ECF No. 245 at 5. The

---

[1] Fed. Bureau of Prisons, Find an imate., https://www.bop.gov/inmateloc/ (last visited Nov. 12, 2020) (search "Charles Lamont Walker").

government opposes any sentence reduction for Walker. ECF No. 248, 253. This matter is

fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First

Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Walker's requested relief requires the court to consider (1) if he exhausted

his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons

that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is

appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Walker is

a danger to the safety of the community.

i.    <u>Walker has fully exhausted his administrative remedies.</u>

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the FSA in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" Id. The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Walker, by counsel, made a written request for compassionate release to the warden on May 1, 2020. ECF No. 249-1. Over 30 days have passed since then. Walker filed his motion with this court on May 7, 2020. The government does not contest that Walker exhausted his administrative remedies. ECF No. 253 at 5. Accordingly, the court finds that Walker exhausted his administrative remedies.

Alternatively, to the extent that Walker may not have fully exhausted any available administrative appeals, the government has waived the exhaustion requirement by not contesting it. This court has previously found that the exhaustion requirement does not

4

operate as a jurisdictional bar under § 3582(c)(1)(A), but rather as a claims-processing rule that can be waived. See United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1 (W.D. Va. May 19, 2020) (finding that the exhaustion requirement has been waived where the government failed to raise exhaustion as a ground for denying the motion); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)); United States v. Russo, 454 F. Supp. 3d 270, 275 (S.D.N.Y. 2020) ("one key consequence of [§ 3582(c)(1)(A)] not being jurisdictional is that the Government can waive the affirmative defense of exhaustion."). Accordingly, the court finds that the government waived the exhaustion requirement by not contesting it.

    ii.    <u>Walker does not present extraordinary and compelling circumstances to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." See 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

The court finds that Walker's underlying medical conditions, even in the context of the pandemic, do not present "extraordinary and compelling reasons" to reduce his sentence under Application Note A. Id. at cmt. n. 1(A). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). "When assessing compassionate release motions during the pandemic, the Court examines the Center for Disease Control and Prevention's [CDC] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC has issued guidance on specific risk factors that place individuals at a higher risk of severe outcomes from COVID-19.[3]

Walker suffers from asthma, which the CDC recognizes "might" put him at an "increased risk for severe illness" should he contract COVID-19.[4] However, the CDC does not include asthma in its list of conditions that undoubtedly will put Walker at an increased risk of severe illness from the virus.[5] As of November 13, 2020, FCI Gilmer has 104 confirmed active cases of COVID-19 among its inmates and two cases among its staff members.[6] But the additional risk posed by Walker's asthma is neither certain nor inevitable and, therefore,

---

[3] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Nov. 2, 2020).
[4] Id.
[5] Id.
[6] Fed. Bureau of Prisons, COVID-19, https://www.bop.gov/coronavirus/ (last visited Nov. 13, 2020) (interactive map of COVID-19 cases at each facility)

not extraordinary and compelling. While the court is sympathetic to the risk that COVID-19 poses to all inmates at FCI Gilmer and concerned by the increasing number of cases there, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Because the court finds that Walker has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[7]

## III.

Walker also seeks release pursuant to Section 404 of the First Step Act. The government concedes that Walker is eligible for release under Section 404 but argues that the court should not reduce his term of supervised release because he breached the court's trust when he continued to distribute drugs after a lengthy term of incarceration. The court agrees.

At the time Walker was sentenced, a violation of 21 U.S.C. § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base,

---

[7] Because the court finds that Walker has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.

and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

Section 404 of the First Step Act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

It is undisputed that Walker committed his offense before August 3, 2010, and his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act. Because his offense involved at least 50 grams or more of cocaine base and not at least 280 grams, the new statutory range for his offense is 5 to 40 years and a 4-year term of supervised release. 21 U.S.C. § 841(b)(1)(B) (2018). The fact that Walker is serving a term of incarceration following revocation of his term of supervised release does not affect his eligibility. See United States v. Venable, 943 F.3d 187, 193 (4th Cir. 2019) (holding that a revocation sentence is an authorized part of the original sentence, and if the original sentence is for a "covered offense" under of the First Step Act, the revocation sentence also is for a "covered offense"). Thus, Walker is eligible for a reduction in his sentence under the First Step Act.

Nevertheless, although Walker is eligible for consideration of a sentence modification, the circumstances of this case compel the court to exercise its discretion and deny a reduction in his sentence. See Sec. 404(c) of the First Step Act ("Nothing in this section shall be

construed to require a court to reduce any sentence pursuant to this section."); see also Wright v. United States, 393 F.Supp.3d 432, 439 (E.D. Va. July 11, 2019) (finding the First Step Act grants broad discretion to the district court in providing relief); United States v. Banks, No. 1:07-00157, 2019 WL 2221620, *1 (S.D.W.V. May 22, 2019) ("[A] court is not required to reduce a sentence under the First Step Act.") (emphasis in original).

When Walker was released to supervision in 2012, his mandatory conditions of supervision included his not committing another federal, state, or local crime, and not unlawfully possessing a controlled substance. ECF No. 145 at 3. Walker violated the conditions of supervised release when he was arrested, charged, and pled guilty in Frederick County Circuit Court to four counts of distribution of cocaine. ECF No. 240. Although the court found that Walker had a Grade A violation that carried a guideline range of 30-36 months, it sentenced him to a below-guidelines term of 18 months, with credit for time served since January 14, 2020. ECF No. 240.

According to the sentencing guidelines, "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7 Pt. A. Walker violated the court's trust when he distributed cocaine while on supervised release. Walker agrees that the 18-month sentence was imposed for the breach of trust but argues that reducing the sentence now would not diminish the severity of the breach of trust. Rather, he asserts that releasing him now would be a recognition that the breach of trust is "fundamentally less susceptible to clear equation with a number of months incarceration, and that, in any event, that there has been an intervening global pandemic." ECF No. 249.

Regarding Walker's "clear equation" argument, the court first notes the mandate of 18 U.S.C. § 3583(g), which makes revocation mandatory for possession of a controlled substance in violation of the condition set forth in § 3583(d)). The court next notes that it considered Walker's particular circumstances as set forth in the sentencing memorandum when it revoked his supervised release and assessed the 18-month term of incarceration. ECF Nos. 236, 239, 240. Finally, the concerns raised by the COVID-19 pandemic as they relate to Walker's continued incarceration have been discussed at length above and do not support a finding that Walker is entitled to release.

The court finds that Walker's continued service of the 18-month term of incarceration is warranted based on his distribution of drugs while serving a term of supervised release. Accordingly, the court declines to reduce Walker's sentence under the First Step Act.

## IV.

For the reasons stated herein, the court **DENIES** Walker's motions to reduce his sentence or, alternatively, for compassionate release. ECF Nos. 241, 245, 261. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered:   November 13, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.11.13 15:32:58 -05'00'

Michael F. Urbanski
Chief United States District Judge

10